John STARWAY, Plaintiff,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 625, a/k/a St. Paul Public
Schools, Defendant.

No. CIV.98–1469(ADM/AJB).

United States District Court,
D. Minnesota,
Third Division.

July 21, 1999.

## ORDER AND MEMORANDUM OPINION ON MOTION FOR RETURN OF PRIVILEGED DOCUMENT

BOYLAN, United States Magistrate Judge.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendant's Motion to Compel Return of a Privileged Document. Hearing was held on June 15, 1999, at 628 U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Jeff M. Zalasky, Esq., appeared on behalf of the defendant. Michael Mobley, Esq., appeared on behalf of the plaintiff. Defendant seeks return of a memorandum that was inadvertently produced during the discovery process despite an explicit assertion of attorney-client privilege on the face of the document. Defendant further seeks an order prohibiting plaintiff from disseminating the document to others or using the document, or information contained in the document, in this litigation or otherwise. Plaintiff opposes the motion and resists return of the document, arguing that defendant's careless disclosure of the memorandum constitutes a waiver of the attorney-client privilege.

Based upon the file, memorandums, affidavits and arguments of counsel, **IT IS HEREBY ORDERED** that defendant's Motion to Compel Return of a Privileged Document is **granted** [Docket No. 20]. Plaintiffs shall return the document, identified as an October 22, 1996, memorandum from Nancy L. Cameron, Assistant General Counsel, to Cy Yusten, Assistant Superintendent. Plaintiff shall also return all readily available copies of the document at issue and is prohibited from further disclosure of the document or use of the document in this litigation or otherwise.

## MEMORANDUM

Plaintiff's complaint in this action alleges discrimination on the basis on national origin in violation of 42 U.S.C. § 2000e–2. The matter has come before the court on defen-

dant's motion for an order requiring plaintiff to return a memorandum that was inadvertently released in a document disclosure pursuant to plaintiff's request for production of documents. Defendant additionally requests that plaintiff be prohibited from taking advantage of the memorandum or distributing the material to others. The document at issue is a memorandum from Nancy L. Cameron, Assistant General Counsel for St. Paul Public Schools, to Cy Yusten, an Assistant Principal for the school district. Plaintiff John Starway is the specifically referenced subject of the memorandum and the document is conspicuously labeled "Attorney/Client Privileged."

Defendant provided a document production of approximately 541 pages on or about April 1, 1999. Numerous pages were duplicated in the production because they were provided separately in direct responses to individual production requests rather than being provided by cross-reference to a previous disclosure. At a deposition on May 18, 1999, plaintiff's counsel unexpectedly produced the four page memorandum that is the subject of this motion. The document discusses plaintiff's employment contract with the school district and addresses legal issues relating to possible termination of the parties' employment relationship. Defense counsel promptly advised plaintiff's counsel that the document was subject to attorney/client privilege and refused to allow the deponent, William Johnson, to comment on the document or its contents. Defense counsel further inquired as to how plaintiff obtained the memorandum and was advised that it was received amongst the responses to plaintiff's document production request. Defendant insists that the material is clearly subject to attorney-client privilege; it contains highly prejudicial information; and its disclosure was inadvertent. Defendant contends that the unintentional

disclosure was excusable and return of the memorandum is justified under all the circumstances in this case. Plaintiff predictably objects to an order for return of the document or prohibition against its use. Plaintiff argues that defendant has waived the attorney-client privilege and that reliance upon Eighth Circuit case law [1] is misplaced in this instance. Alternatively, plaintiff asserts that facts relating to the disclosure establish an effective waiver of the attorney-client privilege upon application of the appropriate legal test.

### Lenient, Strict, or Middle of the Road Approach

In considering whether to order a party to return documents which have been "mistakenly" produced, federal courts have typically applied one of three approaches, depending upon the law of the particular jurisdiction.[2] In each approach the issue is examined, for the most part, from the perspective of a party admitting that error was made in its disclosure of discovery material. Under the "lenient" approach the waiver of attorney-client privilege is accomplished only through the client's intentional and knowing relinquishment of the privilege, an effect which is not merely a result of inadvertent disclosure. *Gray v. Bicknell*, 86 F.3d 1472, 1483 (8th Cir.1996). A determination of inadvertence is the end of the analysis. *Id.* at 1483. The other end of the spectrum is the "strict" approach [3] under which an inadvertent disclosure may constitute a broad waiver, thereby holding attorneys and clients fully accountable for their carelessness. *Id.* The strict approach has been criticized for its "pronounced lack of flexibility and its significant intrusion on the attorney-client relationship." *Id.*

■ The third approach in inadvertent disclosure situations is known as the "middle

---

1. *Gray v. Bicknell*, 86 F.3d 1472, 1482–84 (8th Cir.1996). This is a diversity case in which the court interpreted and applied Missouri law on attorney-client privilege.

2. *Gray v. Bicknell*, 86 F.3d 1472, 1483 (8th Cir. 1996).

3. The Federal Circuit and the First Circuit appear to be the strongest proponents of the strict

approach. *See S.E.C. v. Lavin*, 111 F.3d 921, 929 (D.C.Cir.1997) citing *In re Sealed Case*, 877 F.2d 976, 980 (D.C.Cir.1989). Furthermore, a finding of waiver under the strict approach extends to other communications relating to the same subject matter. *Gray v. Bicknell*, 86 F.3d at 1483 citing *Texaco Puerto Rico v. Dep't of Consumer Affairs*, 60 F.3d 867, 883–84 (1st Cir.1995).

of the road," or *Hydraflow,*[4] approach. The *Hydraflow* test imposes accountability while recognizing that mistakes can happen and loss of attorney-client privilege should not be rigidly dictated. The factors to consider under this approach are: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in light of the extent of document production, (2) the number of inadvertent disclosures, (3) the extent of the disclosures, (4) the promptness of measures taken to remedy the problem, and (5) whether justice is served by relieving the party of its error. *Gray v. Bicknell,* 86 F.3d at 1484.

In *Gray v. Bicknell* the Court noted that it is error to look to federal common law precedent to determine the existence and scope of attorney-client privilege in a diversity action. The Court therefore assessed the issue in light of relevant state law and determined that Missouri courts would reject the strict approach and would adopt the middle of the road test. *Id.* at 1484. Plaintiff in the present action appears to rely on this notation in two significant respects. First, he asserts that *Gray v. Bicknell,* and its adoption of the middle approach, does not pertain because this is not a diversity action, and, second, his result presumes that the strict approach is the federal approach. The reasoning is not particularly persuasive. It may be correct that *Gray* is not binding precedent in this matter because the case entailed interpretation of Missouri law and expressly rejected application of federal common law. However, the appeals court did not find that the lower court erred in using the middle of the road approach and did not find that federal common law is something other than the middle approach. Indeed, the Eighth Circuit engaged in a helpful and cogent review of the issue at hand and concluded that the middle test "strikes the appropriate balance between protecting attorney-client privilege and allowing, in certain situations, the unintended release of privileged documents to waive that privilege. The middle test is best suited to achieving a fair result.... [It] provides the most thoughtful approach, leaving the trial court broad discretion as to whether waiver occurred and, if so, the scope of that waiver."

*Gray v. Bicknell* at 1484. This court is persuaded that *Gray v. Bicknell* provides the necessary guidance as to the appropriate test to apply in a non-diversity case when considering whether unintentionally produced privileged material must be returned. The court will therefore evaluate the issue pursuant to the five-factor analysis espoused in *Hydraflow v. Enidine Inc.,* 145 F.R.D. 626, 637 (W.D.N.Y.1993).

### Hydraflow Test

■ Plaintiff does not contest the claim that the disclosure at issue in this motion is a privileged document and does not dispute the assertion that the document was inadvertently produced. Plaintiff simply and directly argues that the memorandum was disclosed through carelessness and that this negligent approach to document review constitutes a waiver of the attorney-client privilege.

Applying the first factor of the *Hydraflow* test, the Court considers the precautions taken to prevent inadvertent disclosures, in view of the extent of the production. Plaintiff states that a mere 541 single-sided pages were produced in response to ten requests for production. Defendant ambiguously refers to "several hundred documents" that were disclosed and indicates that counsel reviewed the materials and removed privileged documents from the production. While the overall document production was not massive, and the erroneous disclosure is in itself evidence that greater care should have been taken in the document review, the task was not casually placed in the hands of not-lawyer staff, and the precautions taken in this case were reasonable in light of the extent of the entire disclosure of a significant number of documents.

The second and third factors to consider are the number and extent of the inadvertent disclosures. This case involves a single copy of a four-page memorandum. A statistical or percentage analysis is meaningless. The number of inadvertent disclosures certainly is not indicative of extreme lack of care or wholesale indifference to the task of sorting documents. The number and extent of inadvertent disclosures was minimal.

4. *Hydraflow, Inc. v. Enidine Inc.,* 145 F.R.D. 626, 637 (W.D.N.Y.1993).

The fourth consideration is the promptness of measures taken to correct the error. Plaintiff acknowledges that defendant promptly asserted privilege when disclosure of the documents became known at a deposition but contends that attempts to rectify the inadvertent disclosure were dilatory. By plaintiff's own reckoning, defendants asserted the privilege immediately upon notice of the error and the initial demand for return of the documents was made at that time. This motion for return of the privileged memorandum was filed with the court on May 28, 1999, within ten days after discovery of the inadvertent disclosure on May 18, 1999. The timing is consistent with efforts to resolve this discovery matter without the necessity of court intervention and thereafter preparing the motion. It is not indicative of indecisiveness or slow reaction. Defendant's endeavors to remedy the inadvertent disclosure were prompt and appropriate.

In addressing the fifth *Hydraflow* factor, i.e. the interests of justice, plaintiff seems to focus upon the value of the memorandum as evidence to support his claims, along with the suggestion that the privileged document might be useful in impeaching a defense witness. With respect to this factor neither party has been particularly helpful in explaining where true fairness can be found. From defendant's perspective, justice presumably lies in the court's recognition of the attorney-client privilege. Plaintiff views justice in light of his ability to prove his case. Both positions are self-evident in that there is essentially no dispute that the document is privileged, and there is significant opposition to allowing use of the document in the litigation.[5] While the document may be favorable to the plaintiff, the court does not find that the document contains evidence of fraud or crime and finds no implicit support for the unexplained assertion that it may prove helpful in establishing that someone lied under

oath.[6] The interests of justice does not weigh in plaintiff's favor where the outcome of the dispute is to deny him something to which he was never entitled.

## CONCLUSION

The memorandum at issue on this motion is protected by the attorney-client privilege and the disclosure was inadvertent. Pursuant to the "middle of the road" approach to considering whether to grant relief from the inadvertent disclosure, defendant did not waive the privilege and is entitled to protection from use of the materials. The document must be returned to the defendant and plaintiff is barred from use of the documents.

---

**5.** The court has reviewed the privileged document *in camera* and cannot state unequivocally that the memorandum is innocuous and therefore unworthy of the good fight. *See Pavlik v. Cargill, Inc.,* 9 F.3d 710, 713 (8th Cir.1993).

**6.** While the court may be granting defendant school district the relief it seeks in this motion, no one should be under the delusion that the cat

has been put back into the bag. Plaintiff is not entitled to keep a copy of the privileged memorandum, but knowledge cannot be so easily erased. This court has no doubt that any significant and meaningful discrepancies between the memorandum and testimony under oath will be brought to the trial court's attention.