[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENTS' MOTION FOR PROTECTIVE ORDER
This proceeding is part of an anti-trust case initiated by the Petitioner against the Respondents alleging their participation in a boycott by Respondents (who are gun manufacturers) against Smith 
Wesson, also a gun manufacturer. This action, initiated by the Respondents, seeks an order from this court prohibiting the Petitioner from using a document (#474) or from disseminating it since it is a document which has been designated by this court as bearing the attorney-client privilege.
The document, which is the subject of this motion, was one of six documents sent to the Petitioner's attorney as part of an agreement of non-privilege. The document in question, however, was inadvertently included by the clerk employed by Respondents' local attorney. Petitioner claims that this inclusion constitutes a waiver by Respondents of the attorney-client privilege. It should be noted that Petitioner's attorney initially notified Respondents' attorney of the error, refused a request to return it and proceeded to disseminate the contents to other law enforcement agencies.
Although there was no testimony presented by either side at the hearing on this motion, the court received affidavits of the facts alleged. There is no dispute or claim that the release of document #474 was done by a clerk mistakenly and in violation of the instructions given to her by Respondents' attorney, her employer.
The issue before this court, therefore, is whether an inadvertent disclosure of a privileged document to a party to the litigation constitutes a waiver or loss of the privilege.
 LAW
CT Page 16103
Both sides have cited to the court a myriad of cases from other jurisdictions along with the Connecticut cases on the subject.
There is a significant body of case law on the subject in other jurisdictions evolving into three different views on the subject. The first view recognizes the sanctity of the attorney-client privilege and mandates loss or waiver of the privilege only when there is intent to waive the privilege. This view is derived from the long established general rule of waiver which occurs only when the party waiving a right does so knowingly and intentionally. Hydraflow, Inc. v. EnidineIncorporated, 145 F.R.D. 626, No. 88-CV-1120S (1993), 907 F. Sup. 639
(W.D.N.Y. 1995), The Magnavox Company v. Bally Medway Mtg., Co., 1984 WL 453169 (N.D.IL.) 102 F.R.D. 130, dismissed, 742 F.2d 369, cert. denied,470 U.S. 1037 (1984).
Another line of cases makes an exception to the "knowing and intentional rule" when the inadvertent disclosure is made with "extreme carelessness." Starway v. Independent School District No. 625, (1999)187 F.R.D. 595 (D.Minn. 1999), SCM Corporation v. Xerox Corporation,70 F.R.D. 508, 512 (D.Conn. 1976), dismissed, 534 F.2d 1031 (1976).
Still anther view espoused by some courts is what might be termed the strict or harsh rule that any disclosure by the privilege holder waives the privilege. In re Sealed case, 877 F.2d 976, 980 (D.C. Cir. 1989);International Digital Systems Corp. v. Digital Equipment Corp.,120 F.R.D. 445, 449 (D.Mass. 1988). See also, Note-Attorney-ClientPrivilege: The Necessity of Intent to Waive the Privilege In InadvertentDisclosure Cases, 18 Pac.L.J. 59, 93 (1986). The conclusion of this article is that "the importance of the attorney-client privilege demands that the privilege not be waived unless the client has intended to waive the privilege."
This brings this court to the point of examination of Connecticut law on the subject.
The Petitioner has cited State v. Vennard, 159 Conn. 385, 407 (1970),cert. denied 400 U.S. 1011 (1971) overruled on other grounds, in support of his claim that even an inadvertent disclosure forfeits the privilege. This case, however, is inapposite. Vennard involved the overhearing of a conversation between the defendant in a criminal case and his attorney. The communication was overheard by a police officer.
The case is distinguishable in that it wasn't a party to the action to whom the disclosure was made and the disclosure was not intended to be made to anyone. CT Page 16104
Two cases dealing with Connecticut law on inadvertent disclosure have been reported. The first, previously cited by this court, SCM Corp. v.Xerox Corp., supra, pp. 511-512, held that an accidental disclosure would uphold the privilege but a repetition of the error "would not be easily excused."
A case in point is a trial court opinion in Barnes/Science Assoc. Lt.Partnership v. Barnes Engineering Co., judicial district of Ansonia/Milford at Milford, CV 889-0277645 (Fuller, J.) (1990).
In Barnes/Science, documents were accidentally and unintentionally delivered to opposing counsel. The error was a combining of privileged documents with non-privileged documents by plaintiff's attorney or his legal assistant, as has happened in this case. Copies of the privileged document(s) were distributed to other persons involved in the litigation. The court discussed at length the diversity of opinion by courts on the question of waiver of the attorney-client privilege and held that the privilege in that case had not been waived. It commented that the turning over of the documents did not occur in a cavalier or careless manner.
 CONCLUSION AND ORDER
This court has concluded that waiver can occur only if there is knowledge of the existence of the right and intention to relinquish it.Novella v. Hartford Accident and Indemnity Co., 163 Conn. 552 (1972). This court further finds in this case that the attorney-client privilege is sacrosanct and cannot be waived without a knowing and intentional act by the party waiving it.
Even if the degree of carelessness should be weighed by the court, this case is not one where this court could find Respondents' conduct sufficiently deficient to warrant an extinguishment of the privilege. The error here was comparable to that of a scrivener. Forfeiture of the privilege would be wholly disproportionate to that conduct. The interests of justice would not be served in such a forfeiture.
The Petitioner, his agents and employers, are directed to return to Respondents document #474 and any copies or computer records thereof, including any summaries or written references to said document.
The Petitioner, his agents and employees, is, in addition, ordered to refrain from further use, dissemination, or disclosure of document #474 or of the information already gleaned from said document. CT Page 16105
Freed, J.